UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00901-RJC-DCK

| GORDON S. DEMPSEY, II, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| LATISHA EBONY RUSSELL, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court sua sponte upon initial review of Plaintiff's Complaint. (Doc. No. 1).

Plaintiff filed a Complaint seeking $10,000.00 in damages arising from a motor vehicle collision. (Doc. 1-1). Specifically, Plaintiff alleges that Defendant intentionally caused an accident and lied about it. (Doc. No. 1 at 4). Plaintiff describes the circumstances of the motor vehicle accident and states that he disagrees "with the arbitrator" that he was responsible for improper lookout. (Doc. No. 1-1). In his Complaint, Plaintiff fails to plead jurisdiction—he leaves those sections of the document blank. (Doc. No. 1). Further, from the addresses provided by Plaintiff in the Complaint, it appears both Plaintiff and Defendant reside in North Carolina.

"[T]he Court may sua sponte address the issue of subject matter jurisdiction at any time." *Bellamy v. Ford Motor Co.*, No. CIV. 3:07-CV-00287, 2008 WL 346412, at *1 (W.D.N.C. Feb. 6, 2008), *aff'd*, 286 F. App'x 13 (4th Cir. 2008) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)). "Without jurisdiction the court cannot proceed at all

1

in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 74 U.S. 506 (1868)).

"The subject matter jurisdiction of federal courts is limited[,] and the federal courts may exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). Federal district courts retain original subject matter jurisdiction when, among other specific scenarios expressed in Title 28 of the United States Code, either the complaint raises a federal question under section 1331 or the requirements for amount in controversy and diversity of citizenship are met under section 1332. *Belt v. Amazon Home Warranty Co.*, No. 3:22-CV-00573-FDW-DCK, 2023 WL 4241681, at *2 (W.D.N.C. June 28, 2023). For diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000.00. 28 U.S.C. § 1332(a).

The party asserting jurisdiction bears the burden of proving subject matter jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "A document filed pro se is to be liberally construed, and a pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).

The Court has reviewed Plaintiff's Complaint and the attachment. Plaintiff has failed to plead jurisdiction. Even construing the facts liberally in favor of Plaintiff,

2

there exists no basis for this Court to exercise jurisdiction. Plaintiff alleges no violation of federal law and provides no basis from which to conclude there is diversity of citizenship between the parties. Further, even if there were diversity of citizenship between the parties, the amount in controversy, $10,000.00, does not meet the threshold. Thus, the Court lacks subject matter jurisdiction over this action, and it is properly dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is dismissed without prejudice.

Signed: February 1, 2024

Robert J. Conrad, Jr.
United States District Judge